UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RUSSELL GRANT FINNEGAN,

    Plaintiff,

    v.    CAUSE NO. 3:25-CV-080-TLS-JEM

JOHN D. POTTER, et al.,

    Defendants.

**OPINION AND ORDER**

Russell Grant Finnegan, a prisoner without a lawyer, filed a complaint [ECF No. 2] but did not pay the filing fee. He indicates a "Prisoner Motion To Proceed In Forma Pauperis will immediately follow upon availability of prison staff to facilitate the motion." *Id*. at 8. However, a prisoner may not bring a civil action in forma pauperis if he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision.

    A review of Finnegan's litigation history shows he has accumulated three strikes:

    (1) *Finnegan v. Welker, et al.,* 3:21-CV-823-JD-MGG (N.D. Ind. filed Oct. 25, 2021), dismissed Oct. 29, 2021, pursuant to 28 U.S.C. § 1915A because the complaint named defendants who were immune from damages and because it failed to state any other claims;

    (2) *Finnegan v. Chidester*, 3:23-CV-309-JD-JEM (N.D. Ind. filed Apr. 20, 2023), dismissed Apr. 27, 2023, pursuant to 28 U.S.C. § 1915A because the complaint named a defendant who was immune from damages and because it failed to state any other claims; and

    (3) *Finnegan v. Sherman, et al.,* 3:24-CV-538-JVB-AZ (N.D. Ind. filed Jul. 1, 2024), dismissed Jul. 17, 2024, pursuant to 28 U.S.C. § 1915A because the complaint named defendants who were immune from damages and because it failed to state any other claims.

An inmate who has struck out "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). In order to meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In his current complaint, Finnegan alleges multiple state court judges, a clerk, and a prosecutor participated or played a role in the indirect criminal contempt proceedings that were brought against him in cause number 66C01-2110-MC-000168. He claims Senior Judge Chidester is a "mere usurper not an officer de facto and or de jure," and he "took control" of the other judges, attorneys, and clerk's office staff to "punish Finnegan with a political weapon all with the intent to commit a violent act of criminal confinement of false imprisonment." ECF No. 2 at 3.[1] On January 27, 2023, Finnegan was found guilty of indirect criminal contempt and was sentenced to serve 170 days in the Indiana Department of Correction. Finnegan claims Senior Judge Chidester and the other defendants violated his First Amendment right to freedom of speech, his Fifth and Fourteenth Amendment rights to due process, and his Sixth Amendment

---

[1] Of note, Finnegan already brought a separate federal lawsuit alleging that Senior Judge Chidester was without authority to dismiss a civil tort case he brought against his former attorney. *See Finnegan v. Chidester*, 3:23-CV-309-JD-JEM (N.D. Ind. filed Apr. 20, 2023). The court dismissed the case pursuant to 28 U.S.C. § 1915A, finding that "Finnegan's claims that Senior Judge Chidester acted without any jurisdiction are flatly contradicted by the public record. Thus, he cannot obtain monetary damages from Senior Judge Chidester for issuing orders in his case because he is immune from such liability, and Finnegan's injunctive relief claims are likewise without merit." *Id*. at ECF No. 4 at 5–6. Finnegan appealed that decision, and the appeal was ultimately dismissed for failure to pay the required docketing fee. *See id*. at ECF No. 18.

right to a speedy trial. He seeks monetary damages, and he also asks the court to forward this case to the U.S. Attorney to bring criminal charges against the Defendants.[2] Finnegan's allegations do not plausibly suggest he is facing a genuine emergency or is in imminent danger of serious physical injury. Therefore, Finnegan must pay the full filing fee before he can proceed with this lawsuit.

For these reasons, the Court:

(1) DENIES Russell Grant Finnegan leave to proceed in forma pauperis;

(2) GRANTS Russell Grant Finnegan until **March 7, 2025**, to pay the $405 filing fee; and

(3) CAUTIONS Russell Grant Finnegan that, if he does not pay the filing fee by the deadline, this case will be dismissed without further notice for non-payment of the filing fee.

So ORDERED on February 5, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[2] Finnegan appealed the indirect criminal contempt conviction in cause number 66C01-2110-MC-000168, and it was initially reversed because the appellate court found Senior Judge Chidester had erred when he denied Finnegan's requested mental-health evaluation pursuant to Indiana Code section 35-36-2-2(b); however, the Indiana Supreme Court ultimately disagreed with the appellate court, holding that "[i]ndirect contempt of court is neither criminal nor civil, but *sui generis*. Based on our reading of our distinct statutes on contempt and the content and structure of the criminal code as a whole, we hold that the insanity defense statutes do not apply to indirect contempt proceedings and affirm the trial court." *See Finnegan v. State of Ind.*, Sup. Ct. Case. No. 24S-MI-68 (decided Sept. 5, 2024), available online at: https://public.courts.in.gov/mycase (last visited Jan. 30, 2025).